IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| RICHARD SULLIVAN<br>on behalf of himself and<br>and all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>STATE FARM FIRE AND<br>CASUALTY COMPANY<br>One State Farm Plaza<br>Bloomington, IL 61710-0001<br><br>*Defendant*. | Demand for Jury Trial<br>Case No.<br><br>COMPLAINT – CLASS ACTION |

## CLASS ACTION COMPLAINT &
## DEMAND FOR JURY TRIAL

Comes now Plaintiff Richard Sullivan individually and on behalf of all other persons similarly situated, for his complaint for damages against Defendant State Farm Fire and Casualty Company ("State Farm").

## NATURE OF ACTION

1. This is a class action claim arising from State Farm's breach of contract, in that it fails to honor the terms of its policy by refusing to pay the applicable sales tax and fees when paying out a total loss on a vehicle.

2. During the relevant class period, Defendant's standard policy language was the same throughout Missouri, and therefore it entered into identical contracts throughout the state of Missouri.

## PARTIES

3. Plaintiff Richard Sullivan is a resident and citizen of the state of Missouri.

4. Plaintiff brings this action on his own behalf and as a representative of a class of persons who purchased an insurance policy from State Farm, for State Farm's breach of that policy by refusing to pay applicable sales tax and fees when paying out for a total loss on a vehicle.

5. Specifically, Plaintiff holds a policy with State Farm governed by the State Farm Car Policy Booklet, Missouri, Policy Form 9825A. Exhibit A.

6. Defendant State Farm is an Illinois corporation that maintains its principal place of business at One State Farm Plaza, Bloomington IL 61710-0001, and is in the business of insurance, including vehicle insurance.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA") because (1) Plaintiff brings this action on behalf of a class which numbers, upon information and belief, in the hundreds or thousands, (2) Plaintiff (Missouri) and Defendant (Illinois) are citizens of different states, and (3) the aggregate amount in controversy exceeds $5,000,000. *See* 28 U.S.C. § 1332(d).

8. This Court has personal jurisdiction over Defendant pursuant to §506.500 R.S.Mo., including because Defendant transacts business within the state of Missouri and contracts to insure property within the state of Missouri.

9. Venue is proper in this Court pursuant to 28 U.S.C. §1391 in that a substantial part of the events that give rise to the claims in this case occurred in this District including that Plaintiff's vehicle insured by State Farm was located within Jackson County, Missouri.

10. Venue is proper in this Division pursuant to Local Rule 3.2 in that Defendant is not a resident of this District and Plaintiff resides in Jackson County, Missouri.

## FACTUAL ALLEGATIONS

11. State Farm insured Plaintiff's vehicle, a 2020 Kia Optima.

12. On or about November 11, 2022, Plaintiff's vehicle was stollen.

13. On or about November 22, 2002, State Farm declared the vehicle a total loss.

14. Plaintiff has Physical Damage Coverage with State Farm.

15. Pursuant to Plaintiff's policy with State Farm, under the Physical Damage Coverage, State Farm is obligated to pay "for loss, except loss caused by collision, to a covered vehicle." Exhibit A, p. 19.

16. The policy defines loss as:

> 1. Direct, sudden, and accidental damages to; or
>
> 2. Total or partial theft of

A covered vehicle. Loss does not include any reduction in the value of any covered vehicle after it has been repaired, as compared to its value before it was damaged." *Id.*

17. The policy provides that when a loss occurs, State Farm can choose to either pay the cost to repair, minus any applicable deductible or "Pay the actual cash value of the covered vehicle minus any applicable deductible." *Id.*, p. 21.

18. The policy does not define "actual cash value."

19. But the Missouri Department of Insurance does. It defines "actual cash value" to be: "The replacement cost of property minus depreciation. (Actual Cash Value can also be determined by market value, if any.)"[1]

20. But State Farm refuses to provide the full replacement cost when it offered to pay the actual cash value of Plaintiff's car.

---

[1] See https://insurance.mo.gov/consumers/glossary.php (last accessed December 16, 2022).

21. In fact, the company State Farm hired to perform the valuation of Plaintiff's vehicle, CCC, concluded that its "value before deductible" was $26,970.81, which included the sales tax of 8.6% ($2,135.81). Exhibit B.

22. And yet, despite CCC's valuation report finding the total value, after the $500 deductible, to be $26,470.81, State Farm refused to pay this amount, and instead deducted the sales tax on its own to arrive at a payment of $24,357.50.

23. The language of the policy does not state that the sales tax can be deducted from the actual cash value.

24. The language of the policy also does not state that appliable fees can be deducted or excluded from the actual cash value.

25. State Farm refuses to pay the vehicle title transfer fee, the registration fees, and/or sales tax applicable to replacing the car.

26. These fees and the sales tax are part of the replacement cost and by refusing to pay them State Farm is breaching its obligations under its policy with Plaintiff.

27. Plaintiff is not unique in this regard—the policy language applies to insured vehicle owners across Missouri, and, upon information and belief, State Farm refuses to pay the full replacement cost, including applicable fees and sales tax, to these owners.

## CLASS ACTION ALLEGATIONS

28. Plaintiff brings this class action pursuant to Rule 23, Federal Rules of Civil Procedure, on behalf of himself and the following Class of similarly situated persons:

> All Missouri residents with vehicles insured by State Farm with Physical Damage Coverage who made a first party claim that was adjusted by State Farm as a total loss and who received an Actual Cash Value payment that did not include sales tax and/or Vehicle Title and Registration Fees

29. Excluded from the Class is Defendant, including any parent, subsidiary, affiliate, or controlled person of Defendant; Defendant's officers, directors, agents, or employees; the judicial officers assigned to this litigation; and members of their staffs and immediate families.

30. The proposed Class meets all requirements for class certification. The Class satisfies the numerosity standards. The Class is believed to number in the thousands of persons. As a result, joinder of all Class Members in a single action is impracticable. Class Members may be informed of the pendency of this Class Action by published and broadcast notice.

31. The central question of fact and law in this case is common to the Class and predominates over any questions affecting only individual members: Whether State Farm is obligated to pay replacement costs, including applicable fees and sales tax.

32. This question predominates over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity, to other available methods for the fair and efficient adjudication of this controversy.

33. A class action is the appropriate method for the fair and efficient adjudication of this controversy. The presentation of separate actions by individual Class Members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for State Farm, and/or substantially impair or impede the ability of Class Members to protect their interests.

34. The claim of Plaintiff is typical of the claims of members of the Class. The Class Members all have identical policy language.

35. Plaintiff is an adequate representative of the Class because he is a member of the Class, and his interest does not conflict with the interests of other members of the Class he seeks

to represent. The interests of the members of the Class will be fairly and adequately protected by the Plaintiff and his undersigned counsel, who have extensive experience prosecuting complex class action litigation.

36. Plaintiff seeks the fees and/or sales tax applicable to replace his vehicle and the vehicles of other Class Members.

37. Maintenance of this action as a class action is a fair and efficient method for the adjudication of this controversy. It would be impracticable and undesirable for each member of the Class who suffered harm to bring a separate action given the damages at issue compared to the costs of litigating each individual claim. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all Class Members.

38. Class action treatment of the claim in this action is the superior method of resolution with respect to concerns of efficiency, fairness, and equity over other available methods of adjudication.

39. Class action treatment is appropriate in this case because State Farm acted, or refused to act, in a manner that was generally applicable to – and often identical to – grounds that are applicable to each member of the Class. The applicable language of the Class Members' policies is identical.

40. Notice can be provided to Class Members by using techniques and forms of notice similar to those customarily used in other cases and complex class actions.

## CLAIMS FOR RELIEF

## COUNT I – BREACH OF CONTRACT

41. Plaintiff re-alleges and incorporates herein all other allegations in this Complaint.

42. Plaintiff and the Class Members have and/or had a contractual agreement with State Farm, and this agreement provided, among other things, that State Farm was obligated to provide Physical Damage Coverage for Plaintiff's and the Class Members' vehicles.

43. Pursuant to this Physical Damage Coverage, State Farm was obligated to, when a loss occurs, choose to either pay the cost to repair, minus any applicable deductible or "Pay the actual cash value of the covered vehicle minus any applicable deductible."

44. The "actual cash value" State Farm is obligated to pay includes replacement cost of the vehicle, which necessarily includes the fees and sales tax applicable to replacing the vehicle.

45. Plaintiff suffered a loss, and State Farm chose to pay the actual cash value of Plaintiff's vehicle.

46. Plaintiff and the Class Members met their contractual obligations with State Farm, including by paying their premiums, and State Farm was obligated to meet its.

47. State Farm failed to meet its contractual obligations, thereby breaching the contract, when it failed and/or refused to include the fees and sales tax applicable to replacing the vehicle when it paid the actual cash value of the vehicle.

48. As a result, Plaintiff and the Class Members have been damaged in that they are now responsible for satisfying the fees and sales tax applicable to replacing their vehicles.

49. Under their contractual agreement with State Farm, these replacement fees and costs are the responsibility of State Farm, not Plaintiff or the Class Members.

50. Plaintiff and the Class Members have been injured and seeks the amount of fees and sales tax applicable to replacing his vehicle, declaratory relief that under the policy State Farm is responsible for these amounts, and other relief as deemed appropriate by the Court.

WHEREFORE, Plaintiff prays for judgment against State Farm for actual damages in excess of the jurisdictional limit as determined at trial, declaratory relief, for the costs of this action, attorney's fees, and for such further relief as the Court deems fair and reasonable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, requests relief and judgment against Defendant as follows:

a. That the Court enter an order certifying the Class, appointing Plaintiff as representative of the Class, and directing that reasonable notice of this action, as provided by Rule 23, be given to the Class;

b. For a judgment against State Farm for the cause of action alleged against it;

c. For damages in an amount to be proven at trial;

d. For appropriate declaratory relief;

e. For appropriate injunctive relief, enjoining State Farm from continuing to breach the contract in the future;

f. For attorney's fees;

g. For Plaintiff's costs incurred; and

h. For such other relief in law or equity as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

 /s/ Jonathan M. Soper_____
HUMPHREY, FARRINGTON & McCLAIN, P.C.
KENNETH B. McCLAIN          #32430
JONATHAN M. SOPER           #61204
CHELSEA McCLAIN PIERCE      #61471
221 W. Lexington, Suite 400
Independence, Missouri 64050
Telephone:   (816) 836-5050
Facsimile:   (816) 836-8966
kbm@hfmlegal.com
jms@hfmlegal.com
cmp@hfmlegal.com
ATTORNEYS FOR PLAINTIFF